PER CURIAM.
Appellant Howard T. Scott appeals his sentencing as an habitual felony offender.[1] Scott signed a plea form that stated he “could” be sentenced as an habitual offender. He was not told specifically that he would be sentenced as an habitual offender. After he had entered his plea, the trial judge filed a notice that he would sentence Scott as an habitual offender if that determination was made at his sentencing hearing. After the sentencing hearing, Scott was sentenced as an habitual offender. We reverse and remand for resentencing. See Ashley v. State, 614 So.2d 486 (Fla.1993); Thompson v. State, 638 So.2d 116 (Fla. 5th DCA 1994). At re-sentencing, the trial judge may impose a guideline sentence or if he believes that a greater sentence is justified, he may so advise the defendant and permit him to either accept the greater sentence or withdraw his plea and proceed to trial. Thompson, 638 So.2d at 117.
REVERSED and REMANDED for proceedings consistent with this opinion.
DAUKSCH, GRIFFIN and THOMPSON, JJ., concur.

. § 775.084(3)(b), Fla.Stat. (1991).